UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WEISKIRCHER et al., | No. 2:19–cv–2582–JAM–KJN |
| Plaintiffs, | <u>ORDER ON MOTION TO COMPEL &</u> |
| v. | <u>ORDER TO SHOW CAUSE</u> |
| AMERICAN AIRLINES, INC., | (ECF No. 19) |
| Defendant. | |

On December 3, 2020, the court held a remote hearing on defendant's motions to compel responses to several requests for production of documents ("RFPs") and amended answers to multiple interrogatories. (ECF No. 19.) Prior to the hearing, because plaintiffs' counsel, Robert A. Heintz, failed to participate in the creation of the Local Rule 251(c) joint statement regarding the discovery disagreement, defense counsel filed a declaration regarding the discovery disagreement and the efforts to secure plaintiffs' cooperation, pursuant to Local Rule 251(d). (ECF No. 21.) At the hearing, Xakema Henderson appeared for defendant; there was no appearance for plaintiffs.[1] (ECF No. 22.) For the following reasons, the court GRANTS

---

[1] On November 13, 2020, the court informed the parties by minute order that the hearing would take place remotely by Zoom beginning at 9:00 am on December 3, 2020. (ECF No. 20.) Although the courtroom deputy's initial email providing log-in instructions inadvertently stated a 10:00 am start time, a second email sent immediately thereafter corrected the start time to 9:00 am. The courtroom deputy also attempted to reach Mr. Heintz at his office number to ensure that technical difficulties were not preventing his participation—but there was no answer. Plaintiffs' counsel appeared neither at the 9:00 am hearing time, nor the 10:00 am hearing time for the court's December 3rd calendar.

1

defendant's motion and orders plaintiffs' counsel to show cause why sanctions should not follow – both for his failure to participate in preparing a joint statement and for failing to appear at the hearing.

Plaintiffs Nathaniel Weiskircher and his mother, Annette Weiskircher, are pursuing this personal injury action against American Airlines for alleged injuries that occurred while they were boarding an American Airlines flight on July 28, 2018. (ECF No. 1.1 at 6.) They claim that Mr. Weiskircher—who uses a wheelchair due to pre-existing spina bifida and requires assistance when boarding airplanes—was improperly transferred into his airplane seat by an attendant. (Id. at 6-8.) Plaintiffs allege that the transfer caused Mr. Weiskircher "serious and permanent injuries as a result of the incident, including significant losses of mobility and the ability to care for himself independently," and caused his mother "emotional distress" from witnessing the transfer. (Id. at 8, 26.) Plaintiffs seek unspecified monetary damages based on sixteen causes of action. (Id. at 27-28.)

Plaintiffs filed this action in state court in August 2019, and it was removed to this court in December 2019. (ECF Nos. 1, 1.1.) For nearly eight months now, defendant has been trying to obtain from plaintiffs more specifics as to what injuries and damages plaintiffs have sustained as a result of the July 2018 incident. On April 14, 2020, defendant served plaintiffs with the discovery requests at issue in the instant motion to compel. (ECF No. 21 at 8.) After receiving an extension, plaintiffs responded to the requests in May without substantively responding to the interrogatories and without producing any documents. (ECF Nos. 19.1, 19.2.)

The four RFPs at issue seek all medical records and correspondence with medical providers related to injuries suffered in the July 2018 incident (RFPs 1 & 2); all documents and correspondence reflecting Mr. Weiskircher's medical treatment for the 5 years preceding the incident and the identity of any medical providers during that time (RFP 10); and evidence of all charges or payments incurred for any damages forming the basis of this suit, including medical bills (RFP 12). The nineteen interrogatories at issue seek information about Mr. Weiskircher's injuries and medical treatment (ROGs 2, 6, 8); the factual bases for various of plaintiffs' causes of action (ROGs 3, 4, 11, 13-18); and damages incurred (ROGs 9, 10, 19-23).

Plaintiffs' responses to each of these RFPs and interrogatories contained boilerplate general objections and some variation of the statement that plaintiff does not presently possess responsive documents or is "unable to respond" because discovery is ongoing and he is still seeking medical treatment and will provide updated responses/documents as they become available after treatment has been completed.  (See ECF Nos. 19.1 at 4-5, 19.2 at 2-8.)

From June through September, defense counsel attempted to contact plaintiffs' counsel by phone and email on numerous occasions to discuss these deficiencies and other related scheduling matters without receiving a single response.  (ECF No. 21 at 2.)  Defendant therefore filed the instant motion on November 5, 2020, with a noticed hearing date of December 3, 2020.  (ECF No. 19.)  Plaintiffs' counsel still did not respond to defense counsel's attempts to meet and confer until Thursday, November 19, when he emailed to (1) apologize for the delay, saying that his clients' "family ha[d] been hit with covid" so they were dealing with associated medical issues, and (2) advise that he would be forwarding medical records by the end of the week and would like the motion to compel withdrawn.  (ECF No. 21 at 3.)  Defense counsel demurred, noting that such production would not cure the many other remaining issues.

On Sunday, November 22, 2020—the day before the deadline for the parties' joint statement of the discovery dispute—defense counsel received more than 3,000 pages of medical records and amended RFP responses.  (Id. at 4.)  The amended responses to RFPs 1 & 2 stated "Please find attached requested medical records in Plaintiff's possession at this time."  (ECF No. 21.1 at 3 (emphasis added).)  Plaintiffs' counsel advised that his client would not be able to provide information about his medical providers from the last five years prior to the hearing because plaintiff and his family "are dealing with the Covid" and had been "in and out of the hospital as well."  (ECF No. 21 at 4.)  Plaintiffs did not provide amended interrogatory answers or produce the other requested documents.  (Id.)

On November 23, 2020—having again received no response from plaintiffs' counsel regarding assistance with the joint statement—defense counsel filed her Local Rule 251(d) declaration.  (Id.)  At the hearing on the motion, defense counsel informed the court that she has since received two CDs and a DVD containing some additional 3,600 pages of medical records

3

1 which she believes to be responsive to RFP 1 and perhaps one other production request.

2 It is unclear at present to what extent plaintiffs' recent productions may satisfy the subject RFPs 1, 2, 10, and 12. At the hearing, defense counsel indicated she has not yet had time to substantively review the more than 7,000 pages of medical treatment records newly produced. But plaintiffs' amended RFP responses suggest that these productions do not include <u>all</u> existing documents responsive to these requests—only the documents that plaintiffs presently physically possess. (<u>See</u> ECF No. 21.1 at 3.) Such a reponse is insufficient. Plaintiffs must promptly produce all documents responsive to these four requests, including documents in the possession of third parties over whom plaintiffs can exert some control—for instance, medical providers' offices—as outlined in the below order.

All four RFPs are plainly relevant to this litigation, and plaintiffs' boilerplate objections are overruled as inadequately asserted. The fact that discovery is scheduled to continue for another six months and that plaintiffs may still be seeking medical treatment is simply no reason for plaintiffs to continue to delay requesting and producing the responsive materials that already exist. The court is, of course, sensitive to the many difficulties presented by the COVID-19 pandemic especially for those whose family members are infected by the virus. But it has now been almost eight months since these documents were requested, and the court sees no reason why plaintiffs could not at least have signed a medical release authorizing plaintiffs' counsel to request the necessary records. The court therefore finds it appropriate to require plaintiffs to provide such authorizations directly to defense counsel, as outlined below.

Furthermore, even the potentially understandable difficulties in obtaining documents from medical providers during a pandemic (and there is no indication plaintiffs have even requested such documents) do not excuse plaintiffs' failure to amend their answers to any of the disputed interrogatories—many of which do not relate to Mr. Weiskircher's medical treatment at all. As with the RFPs, the court finds all nineteen interrogatories relevant to the action and American Airlines' ability to assess its liability. Although plaintiffs included specific objections to a handful of the interrogatories (in addition to the general boilerplate introductory objections), no argument or explanation accompanies the bland assertions that certain of the interrogatories "may

4

be construed to seek [materials] protected by the attorney/client privilege," "call[] for legal conclusion, expert opinions and attorney work product privilege," are "vague, ambiguous and unintelligible," or that "[e]xpert opinion will not be provided pursuant to expert disclosure." (E.g., ECF 19.2 at 5-6.)  All of plaintiffs' objections to the interrogatories at issue are thus overruled as inadequately asserted.

     Again, the fact that discovery is ongoing is not an acceptable reason not to answer interrogatories to the best of plaintiffs' ability now, based on information currently known. Indeed, the Federal Rules contemplate answering interrogatories within 30 days of being served them, Fed. R. Civ. P. 33(b)(2), and then supplementing responses if further information is obtained later in the discovery process, see Fed. R. Civ. P. 26(e) (ongoing duty to supplement discovery responses).  See Nguyen v. Lowe's Home Centers, LLC, No. 15-CV-1085 H NLS, 2015 WL 12672153, at *2 (S.D. Cal. Nov. 19, 2015) (granting motion to compel and requiring party to supplement its responses "by providing the responsive information it currently knows, and may supplement its responses if further information is obtained during discovery").

     On the present record, the court finds utterly inexcusable plaintiffs' counsel's conduct regarding these discovery requests and the instant motion.  First, counsel's last-minute document production does not mitigate his earlier total non-responsiveness.  At the hearing, defense counsel estimated no fewer than 11 occasions on which she reached out to plaintiffs' counsel about discovery issues without ever hearing back.  Second, plaintiffs' counsel's failure to engage in the proffered meet-and-confers for the instant motion, or to assist in creating a joint statement, is sanctionable under this court's rules.  See E.D. Cal. L. R. 251(d) ("Refusal of any counsel to participate in a discovery conference, or refusal without good cause to execute the required joint statement, shall be grounds, in the discretion of the Court, for entry of an order adverse to the party represented by counsel so refusing or adverse to counsel.").  And finally, plaintiffs' counsel failed to appear for the hearing on this motion.  The court therefore orders plaintiffs' counsel to show cause why monetary sanctions should not be imposed against him, as outlined below.

///

///

Accordingly, IT IS ORDERED that:

1. Defendant's motion to compel (ECF No. 19) is GRANTED;

2. <u>Within 21 days</u> of the date of entry of this order, plaintiffs shall:

    a. Produce all existing documents responsive to Requests for Production Nos. 1, 2, 10, and 12, including those in the possession of third parties over whom plaintiffs can exercise some control.  If certain documents cannot be produced within that time, plaintiffs' counsel shall provide to defense counsel—and file with the court—a declaration establishing that the documents were <u>promptly</u> requested and explaining why they were not timely received; and

    b. Provide amended answers to Interrogatories Nos. 2-4, 6, 8-11, and 13-23 addressing the deficiencies outlined in defendant's motion to compel (ECF No. 19) and declaration (ECF No. 21);

3. <u>Within 7 days</u> of the date of entry of this order, plaintiffs' counsel shall:

    a. Provide defense counsel with signed medical release authorizations for both plaintiffs, authorizing defendant to obtain from third parties Mr. Weiskircher's medical records relevant to this suit and to obtain Ms. Weiskircher's psychological or other mental health treatment records relevant to this suit; and

    b. Show cause, in writing, why the court should not impose monetary sanctions against him for failing to participate in meet and confer efforts, failing to assist in creating the joint statement regarding this discovery dispute, and failing to appear at the motion hearing.

    c. Plaintiffs' counsel shall send a copy of this order to his clients and advise the court that he has done so.

IT IS SO ORDERED.

Dated:  December 4, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

weis.2582

6