UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WEISKIRCHER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMERICAN AIRLINES, INC.,<br><br>    Defendant. | No.  2:19–cv–2582–JAM–KJN<br><br>ORDER RESETTING HEARING ON MOTION FOR SANCTIONS<br><br>(ECF No. 27) |

Currently pending is defendant American Airlines' motion for attorneys' fees and to terminate this litigation as sanctions for plaintiffs' ongoing failure to respond to discovery requests and violation of related court orders. (ECF No. 27.) Since that motion's filing, Mr. Robin Smith has associated as counsel for plaintiffs in this case while existing counsel, Mr. Robert Heintz, recuperates from health problems that seemingly contributed to the discovery delays and violations identified by defendant. (ECF Nos. 29, 30.) On January 31, 2021, plaintiffs filed—through Mr. Smith—an opposition to defendant's sanctions motion in which they agree that monetary sanctions are warranted against Mr. Heintz, but that Mr. Heintz's errors and omissions do not merit termination of plaintiffs' case. (ECF No. 28.) Attempting to save plaintiffs' case at the last minute, Mr. Smith says that he will address and correct any discovery responses that remain incomplete—although at the time of filing he had not yet compared the state of plaintiffs' responses to the available information and documents. (ECF No. 28.3 at 4.)

On February 5, 2021, defendant filed a reply arguing that, because plaintiffs still have not rectified the discovery issues and Mr. Smith gave no indication of when they might do so, the court should proceed to issue terminating sanctions—in addition to the attorneys' fees, which all now agree are proper. (ECF No. 33.)

Given Mr. Smith's recent addition to this case and defendant's current insistence on the harshest of sanctions, the court finds it necessary to reset this matter for hearing. At present, the court is not inclined to impose terminating sanctions against plaintiffs whose original counsel appears to have been significantly compromised by health concerns for at least some of the time that these discovery requests and court orders have gone unaddressed. Defendant's frustration with the ongoing delay is understandable, and the court agrees that if plaintiffs cannot speedily get their case back on track, dismissal might be required. Defendant expresses skepticism that Mr. Smith will be able to review the many thousands of pages of plaintiffs' medical records and otherwise come up to speed on the case in a timely manner. (ECF No. 33 at 12.) But, aside from Mr. Smith's initial introductory phone call, there is no indication that defendant has attempted to ascertain whether Mr. Smith would be willing to commit to an acceptable deadline for addressing the discovery concerns.

Before the hearing, therefore, defense counsel shall engage in a good faith meet and confer effort with Mr. Smith to attempt to reach a mutually agreeable deadline by which plaintiffs will provide the outstanding discovery identified in the court's December 4, 2020 order granting defendant's original motion to compel (ECF No. 23). The parties shall then file a joint letter brief advising the court of the outcome of this meet and confer, and any change to defendant's position on the sanctions requested. As soon as practicable, and without awaiting such meet and confer, plaintiffs' counsel shall provide defense counsel with the signed medical release authorizations for both plaintiffs, previously ordered by the court. (ECF No. 23 at 6.) Following the hearing, the court will decide the motion and what sanctions beyond attorneys' fees should be imposed.

///

///

///

Accordingly, IT IS ORDERED that:

1. Defendant's motion for sanctions (ECF No. 27) is RESET for remote hearing before the undersigned on February 25, 2021, at 10:00 AM;

2. No later than February 19, 2021, at 12:00 PM, the parties shall file a joint letter brief of no more than 2 pages advising the court of the outcome of their meet and confer, and any change to defendant's position on the sanctions requested; and

3. As soon as possible, but no later than February 19, 2021, plaintiffs' counsel shall provide defense counsel with signed medical release authorizations for both plaintiffs, authorizing defendant to obtain from third parties Mr. Weiskircher's medical records relevant to this suit and to obtain Ms. Weiskircher's psychological or other mental health treatment records relevant to this suit.

IT IS SO ORDERED.

Dated:  February 12, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

weis.2582

3