UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WEISKIRCHER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | No.  2:19–cv–2582–JAM–KJN<br><br>ORDER<br><br>(ECF Nos. 27, 38, 39) |

Currently under submission is defendant American Airlines' motion for sanctions for plaintiffs' violation of the court's discovery orders.  (ECF No. 27.)  At the court's instruction, and thanks to the association of new plaintiffs' counsel, the parties have engaged in good faith meet and confer efforts to allow plaintiffs to address the underlying discovery violations as new counsel gets up to speed on the case.  (ECF Nos. 34-38.)  Defendant's February 24, 2021 status report indicates that plaintiffs are making progress in this regard, and defendant renews the parties' prior stipulated request to:  (A) stay the proceedings for 90 days, until May 20, 2021; and (B) to vacate the current scheduling order, including the pretrial and trial dates.  (ECF No. 38 at 3; see ECF No. 35 at 2.)  Plaintiffs' counsel filed a declaration in response to defendant's status

////

////

1

1  report, explaining the status of plaintiffs' document production and echoing the request for a stay

2  through May 2021.  (ECF No. 39 at 4.)

3        Although the joint letter filed by defendant refers to a mutually agreed "90-day stay of the

4  litigation," plaintiffs' counsel states that the parties "agreed to a *discovery* stay through May."

5  (Compare ECF No. 35 at 2, with ECF No. 39 ¶ 13 (emphasis added).)  As this matter is referred

6  to the undersigned only for resolution of discovery disputes,[1] any request for a total stay of all

7  proceedings in this case would have to be directed to the presiding district judge.  But it is evident

8  from the parties' filings that a stay of discovery is the more suitable form of relief in this

9  instance.[2]  The undersigned is authorized to grant discovery stays and finds it appropriate to grant

10  such a stay here, in aid of the parties' mutual goal of allowing both sides additional time to

11  prepare and review the voluminous medical records relevant to this personal injury action.

12  **Accordingly, discovery in this action is hereby stayed until May 20, 2021.**

13        The undersigned acknowledges that this stay will require adjustment of at least the

14  discovery deadlines—and likely the pretrial and trial dates—established under the current

15  scheduling order.  (ECF No. 18 (discovery to be completed by 5/7/21).)  It is not within the

16  undersigned's authority, however, to vacate the pretrial and trial dates established in Judge

17  Mendez's scheduling order.  The parties are therefore advised to present to Judge Mendez their

18  stipulated request to vacate or modify the current scheduling order.[3]

19        Lastly, the undersigned will, of course, rule on defendant's motion for sanctions (ECF

20  No. 27) and intends to award defendant all reasonable attorneys' fees and costs incurred in

21  bringing its meritorious motion to compel.  (ECF Nos. 19, 23.)  Plaintiffs do not dispute that

---

[1] See E.D. Cal. R. 302(c)(1).

[2] The parties' joint letter refers to both (A) a stipulated deadline of April 20, 2021 for production of documents responsive to certain requests for production, and (B) a stay of the litigation until May 20, 2021.  (ECF No. 35 at 2, ¶¶ 3(c) & 4(a).  But a total stay of the litigation through May would seem to make an April discovery deadline unenforceable, as the undersigned would not be able to hear and resolve any interim discovery matters until the lifting of the stay.

[3] Should the current scheduling order remain in place, the undersigned will consider a stipulated request to modify the discovery deadlines alone.

monetary sanctions should be awarded against plaintiffs' counsel Mr. Robert Heintz for his errors and omissions.  (ECF No. 28 at 2-3.)  To aid the court in awarding all appropriate attorneys' fees, **defendant shall file an updated declaration of the total amount of attorneys' fees and costs presently sought, along with supporting billing documentation.**  The original declaration and documentation filed concurrently with the motion for sanctions are somewhat internally inconsistent (ECF Nos. 27.2 & 27.3), and include reference to a potential future supplement of additional unbilled amounts (ECF No. 27.2 at 4:10-12), making it difficult for the court to discern the appropriate amount to award at present.

Accordingly, IT IS ORDERED that:

1. Discovery in this action is stayed until May 20, 2021, on which date the stay shall automatically lift, unless the court orders otherwise; and
2. Within 10 days of entry of this order, defendant shall file an updated declaration of the total amount of attorneys' fees and costs sought in connection with its motion to compel, along with supporting billing documentation.

Dated: February 26, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

weis.2582