UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WEISKIRCHER, et al., | No. 2:19–cv–2582–JAM–KJN |
| Plaintiffs, | ORDER |
| v. | (ECF Nos. 27, 41) |
| AMERICAN AIRLINES, INC., | |
| Defendant. | |

Currently before the court is defendant American Airlines' motion for sanctions against plaintiffs for violating the court's discovery orders in this case. (ECF No. 27.) As filed on December 30, 2020, defendant's motion sought: (1) recovery of attorneys' fees incurred in bringing defendant's successful motion to compel; and (2) dismissal of plaintiffs' entire action with prejudice. (ECF No. 27.1 at 2; see ECF Nos. 19, 23.) At that time, neither the court nor defendant knew that plaintiffs' discovery failings both leading to and following the motion to compel were in large part due to the flagging health of plaintiffs' counsel, Mr. Robert Heintz, a solo practitioner. Shortly before the date set for hearing of defendant's motion for sanctions (February 11, 2021), Mr. Robin Smith associated into the case as new counsel at Mr. Heintz's request—and with plaintiffs' consent. (ECF Nos. 29, 30.) Through Mr. Smith, plaintiffs filed an opposition to defendant's sanctions motion in which they agreed that monetary sanctions are warranted against Mr. Heintz, but argued that Mr. Heintz's errors and omissions do not merit

1

1  termination of plaintiffs' case.  (ECF No. 28.)  Mr. Smith informed the court that Mr. Heintz had
2  been hospitalized after suffering a stroke on January 27, 2021, and attested that those close to
3  Mr. Heintz had witnessed a decline in his mental acuity and memory over the previous several
4  months.  (Id. at 2-3; ECF No. 28.3.)  Mr. Heintz provided a signed declaration (prepared by
5  Mr. Smith) agreeing to pay "whatever monetary sanction the Court imposes" and taking full
6  responsibility for his "serious errors in this case."  (ECF No. 28.2 at 1.)  He apologized to his
7  clients, to the court, and to defense counsel, beseeching the court not to penalize plaintiffs for his
8  lapses.  (Id. at 1-2.)

9  Defendant at first maintained its position that terminating sanctions were warranted (ECF
10 No. 33), but with the court's urging and with Mr. Smith's cooperation, the parties reached an
11 agreement to allow the case to get back on track with Mr. Smith now at the helm (ECF Nos. 35,
12 38).  Giving effect to this agreement, the court granted the parties' request to stay discovery in
13 this action until May 20, 2021.  (ECF No. 40.)

14 All that is left for the court to resolve, therefore, is defendant's outstanding unopposed
15 request for an award of its attorneys' fees and costs incurred in bringing its original motion to
16 compel, as a sanction for plaintiffs' failure to obey the court's order granting the motion to
17 compel.  (ECF No. 27.)  On March 8, 2021, defendant—at the court's request—filed an amended
18 declaration in support of its motion for sanctions.  (ECF No. 41; see ECF No. 40 at 3.)  Therein,
19 defense counsel attests that defendant incurred attorneys' fees totaling $7,152.50 in connection
20 with the motion to compel.  (ECF No. 41 at 4.)  The billing records attached to the declaration
21 support this figure.  (ECF No. 41.1.)

22 Under Federal Rule of Civil Procedure 37(b)(2)(C), "the court must order the disobedient
23 party, the attorney advising that party, or both to pay the reasonable expenses, including
24 attorney's fees, caused by the failure [to obey an order to provide or permit discovery], unless the
25 failure was substantially justified or other circumstances make an award of expenses unjust."
26 Plaintiffs' counsel admits that his discovery failures were inexcusable, and there are no
27 circumstances making an attorneys' fees award unjust.  Further, the court finds defense counsel's
28 hours and rates reasonable.

Given Mr. Smith's apparent willingness and ability to provide the long-awaited discovery responses and document production, the court does not find the drastic sanction of dismissal of plaintiffs' case warranted at this time.

Accordingly, it is HEREBY ORDERED that:

1. Defendant's motion for sanctions (ECF No. 27) is GRANTED IN PART and DENIED IN PART;

2. Defendant is awarded attorneys' fees pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) in the amount of $7,152.50, to be paid personally by Robert A. Heintz due to the conduct that violated the court's discovery orders, as articulated in the record and in the court's prior orders. These discovery sanctions must be paid to defendant within **14 days** of the date of entry of this order, and counsel may not pass on the costs of such sanctions to his clients either directly or indirectly; and

3. Within **14 days** of the date of entry of this order, plaintiffs' counsel shall notify the court in writing that Mr. Heintz has made such payment.

IT IS SO ORDERED.

Dated: March 12, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

weis.2582

3